21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Julio Cesar MARTINEZ, Defendant-Appellant.
 No. 93-10304.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 22, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Julio Caesar Martinez appeals his conviction following a jury trial for conspiracy, distribution, possession with intent to distribute a controlled substance, unlawful use of a communication facility, and aiding and abetting, in violation of 21 U.S.C. Secs. 841(a)(1), 843(b), 844(a), 846 and 18 U.S.C. Sec. 2. Martinez contends that: (1) he was entrapped as a matter of law because there is no evidence of predisposition prior to his approach by the Government; and (2) the government agent improperly escaped cross-examination on a report which she dictated and someone else signed. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 Entrapment
 
 3
 Martinez contends he was entrapped as a matter of law because the government failed to show predisposition prior to their approach. This contention lacks merit.
 
 
 4
 Questions of law are reviewed de novo. United States v. Mkhsian, 5 F.3d 1306, 1309 n. 1 (9th Cir.1993).
 
 
 5
 The defense of entrapment has two elements: government inducement to commit the crime, and the absence of the defendant's predisposition to commit the crime. United States v. Kessee, 992 F.2d 1001, 1003 (9th Cir.1993). Inducement is repeated and persistent solicitation or persuasion which overcomes the defendant's reluctance; mere suggestions or providing the opportunity to commit a crime is not inducement. United States v. Simas, 937 F.2d 459, 462 (9th Cir.1991). The five relevant factors in determining predisposition are: the character of the defendant; who first suggested the criminal activity; whether the defendant engaged in the activity for profit; whether the defendant demonstrated reluctance; and the nature of the government's inducement. United States v. Skarie, 971 F.2d 317, 320 (9th Cir.1992). The most important factor is whether the defendant demonstrated reluctance which was only overcome by government inducement. United States v. Garcia-Juarez, 992 F.2d 896, 908 (9th Cir.1993), cert. denied, 114 S.Ct. 724 (1994).
 
 
 6
 If inducement is shown, the burden shifts to the government to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime before being approached by the government agents. Skarie, 971 F.2d at 320. We will not overturn a jury's finding of no entrapment unless, viewing the evidence in the light most favorable to the government, no reasonable jury could have concluded that the defendant was predisposed to commit the crime. United States v. Hart, 963 F.2d 1278, 1283 (9th Cir.1992).
 
 
 7
 Martinez was a recent immigrant from El Salvador with no arrest record. He had been previously contacted by a drug dealer, Reyes, about finding him clients. Two or three months later, Martinez was first approached by a government agent who asked about sources to purchase drugs, and offered money to Martinez for finding any dealers. Martinez set up the drug deal between Reyes and the government agents.
 
 
 8
 We conclude that even assuming inducement, the government made an adequate showing of predisposition. See Hart, 963 F.2d at 1283. Although the government agent first suggested the crime, the nature of the government's inducement was not a repeated and persistent solicitation which overcame the defendant's reluctance. See Skarie, 971 F.2d at 320; Simas, 937 F.2d at 462. Martinez voluntarily agreed to set up the deal before being offered money, although he testified that his motive was profit. See Garcia-Juarez, 992 F.2d at 908; Skarie, 971 F.2d at 320. He had no qualms about finding Reyes drug purchasers and put the government agents into contact with Reyes. Therefore, we affirm.
 
 Impeachment of Government Agent
 
 9
 Martinez contends that the trial court erred in disallowing the impeachment of a government agent with questions about a report she dictated and another agent wrote and signed, thus violating his Sixth Amendment right to confront witnesses.[1] This contention lacks merit.
 
 
 10
 The district court's limitation on the extent of cross-examination is reviewed for an abuse of discretion. United States v. Guthrie, 931 F.2d 564, 568 (9th Cir.1991). A trial judge has wide latitude to limit a defense counsel's questioning on cross-examination without violating a defendant's Sixth Amendment rights in order to avoid delay and cumulative evidence. Carriger v. Lewis, 971 F.2d 329, 332-33 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1600 (1993). There is no abuse of discretion in limiting cross-examination as long as the jury receives sufficient information to appraise the biases and motivations of the witness. Guthrie, 931 F.2d at 568.
 
 
 11
 Martinez was interrogated by Agent Ramirez in Spanish after his arrest. Ramirez then translated the answers which another agent transcribed for a subsequent report. On cross-examination, Ramirez was questioned about whether certain statements made by Martinez were contained in the report. The government's objection to this line of questioning was sustained.
 
 
 12
 The jury was well apprised of how the DEA report was made and what Ramirez' role was in making that report. See Guthrie, 931 F.2d at 568. The only issue where the cross-examination was limited was on the exact statements of Martinez not contained in the report. The court was merely exercising its discretion to prevent delay and avoid cumulative evidence in limiting this line of questioning and did not violate Martinez's Sixth Amendment rights by so doing. See Carriger, 971 F.2d at 332-33. Agent Ramirez was neither the author of the report nor the source of its information, she merely translated the information from Martinez so the other agent could write the report. The district court's limitation of cross-examination was not an abuse of discretion. See Guthrie, 931 F.2d at 568.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The defense never called the agent who wrote the report based on Agent Ramirez's translation of Martinez's answers to questioning